**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

NATHALIE REYES,

               *Plaintiff,*

    -against-

LESSEREVIL LLC,

               *Defendant.*

---

Case No: 1:26-cv-00808-JSR

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LESSEREVIL LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

     A.     LesserEvil .............................................................................................. 3

     B.     Plaintiff's Claims ................................................................................. 4

LEGAL STANDARD.......................................................................................................... 6

ARGUMENT ....................................................................................................................... 8

I.     THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY
     BECAUSE PLAINTIFF LACKS STANDING.................................................... 8

     A.     Plaintiff Lacks Standing Because She Was Not Injured......................... 8

     B.     Plaintiff Additionally Lacks Standing to Seek Injunctive Relief Because
           She Fails to Allege Ongoing Injury ...................................................... 12

II.     PLAINTIFF FAILS TO STATE A CLAIM................................................... 14

     A.     LesserEvil's Website Is Not A Place or Provider of Public Accommodation...... 14

     B.     No Goods Are Sold On LesserEvil's Website, Further Demonstrating It
           Is Not a Place or Provider of Public Accommodation.......................... 16

     C.     Plaintiff Fails to Allege She Requested Reasonable Modification....................... 17

III.     PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT .............................. 19

IV.     PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF ALSO FAILS ...................... 20

CONCLUSION.................................................................................................................... 20

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acheson Hotels, LLC v. Laufer,*
601 U.S. 1 (2023) ................................................................................................ 2, 8, 9

*Adams v. 724 Franklin Ave. Corp.,*
2016 WL 7495804 (E.D.N.Y. Dec. 30, 2016) ........................................................... 1

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................................... 7

*Atl. Recording Corp. v. Project Playlist, Inc.,*
603 F. Supp. 2d 690 (S.D.N.Y. 2009) ........................................................................ 7

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 554 (2007) ................................................................................................... 7

*Cahill v. Rosa,*
89 N.Y.2d 14 (1996) ............................................................................................. 2, 14

*Calcano v. Swarovski N. Am. Ltd.,*
36 F.4th 68 (2d Cir. 2022) ..................................................................... 2, 10, 12, 13

*Castillo v. Hudson Theatre, LLC,*
412 F. Supp. 3d 447 (S.D.N.Y. 2019) ............................................................... 18, 19

*Cisco Sys., Inc. v. Synamedia Ltd.,*
557 F. Supp. 3d 464 (S.D.N.Y. 2021) ................................................................. 3, 20

*Davis v. Fed. Election Comm'n,*
554 U.S. 724 (2008) ................................................................................................... 6

*Dunbar v. Empire Szechuan Noodle House Inc.,*
2020 WL 2132339 (S.D.N.Y. May 5, 2020) ............................................................ 20

*F.O. v. New York City Dep't of Educ.,*
899 F. Supp. 2d 251 (S.D.N.Y. 2012) ...................................................................... 19

*Fernandez v. Gainful Health, Inc.,*
2025 WL 3538339 (S.D.N.Y. Dec. 10, 2025) .................................................... 16, 17

*Fontanez v. K2 Sports, LLC,*
2025 WL 675173 (N.Y. Sup. Ct. Feb. 28, 2025) ....................................................... 2

ii

*Fontanez v. Valley Lahvosh Baing Co. Inc.*,
2023 WL 5390212 (S.D.N.Y. Aug. 22, 2023) ............................................................................ 11

*Ford v. Schering-Plough Corp.*,
145 F.3d 601 (3d Cir. 1998) ............................................................................................................ 15

*Gil v. Winn-Dixie Stores, Inc.*,
993 F.3d 1266 (11th Cir. 2021) .................................................................................................... 15

*Gorran v. Atkins Nutritionals, Inc.*,
464 F. Supp. 2d 315 (S.D.N.Y. 2006) .......................................................................................... 7

*Harty v. W. Point Realty, Inc.*,
28 F.4th 435 (2d Cir. 2022) ............................................................................................................ 9

*Irish Lesbian & Gay Org. v. Giuliani*,
143 F.3d 638 (2d Cir. 1998) ........................................................................................................... 19

*Keitt v. New York City*,
882 F. Supp. 2d 412 (S.D.N.Y. 2011) ......................................................................................... 16

*Kleinman v. Elan Corp.*,
706 F.3d 145 (2d Cir. 2013) ............................................................................................................ 7

*Laufer v. Looper*,
22 F.4th 871 (10th Cir. 2022) ........................................................................................................ 9

*Laufer v. Mann Hosp., L.L.C.*,
996 F.3d 269 (5th Cir. 2021) ......................................................................................................... 9

*Letray v. New York State Div. of Hum. Rts.*,
181 A.D.3d 1296 (4th Dep't 2020) ........................................................................................ 2, 14

*Lively v. WAFRA Investment Advisory Group, Inc.*,
6 F.4th 293 (2d Cir. 2021) .............................................................................................................. 6

*Loadholt v. Dungarees, Inc.*,
2023 WL 2024792 (S.D.N.Y. Feb. 15, 2023) ....................................................................... 11, 13

*Loadholt v. Game Goblins, LLC*,
2023 WL 6066220 (S.D.N.Y. Sept. 18, 2023) ...................................................................... 11, 13

*Loadholt v. Oriental-Decor.com Inc.*,
2024 WL 78243 (S.D.N.Y. Jan. 4, 2024) ................................................................................... 11

iii

*Lowell v. Lyft, Inc.*,
   352 F. Supp. 3d 248 (S.D.N.Y. 2018) ................................................................................. 7

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ..................................................................................................... 6, 13

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................ 6

*Martinez v. MyLife.com, Inc.*,
   2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) .................................................................. 2, 15

*Meija v. High Brew Coffee Inc.*,
   2024 WL 4350912 (S.D.N.Y. Sept. 30, 2024) .................................................................. 17

*Mendez v. Apple Inc.*,
   2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) .................................................................. 13

*Orozco v. Fresh Direct, LLC*,
   2016 WL 5416510 n.1 (S.D.N.Y. Sept. 27, 2016) ............................................................. 7

*Rodal v. Anesthesia Grp. of Onondaga, P.C.*,
   369 F.3d 113 (2d Cir. 2004) ............................................................................................. 13

*S. Pac. Shipping Co. Ltd. Inc. v. Redi-Fresh Produce Inc.*,
   2014 WL 6968039 (S.D.N.Y. Dec. 9, 2014) ...................................................................... 7

*Sullivan v. BDG Media, Inc.*,
   146 N.Y.S.3d 395 (N.Y. Sup. Ct. 2021) ..................................................................... passim

*Suris v. Crutchfield New Media, LLC*,
   2023 WL 3792512 (E.D.N.Y. June 2, 2023) ................................................................... 13

*Tavarez-Vargas v. Annie's Publ'g, LLC*,
   2023 WL 2499966 (S.D.N.Y. Mar. 14, 2023) ................................................................. 13

*Toretto v. Donnelley Fin. Sols., Inc.*,
   583 F. Supp. 3d 570 (S.D.N.Y. 2022) .............................................................................. 20

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ................................................................................................. 8, 9, 12

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016) ........................................................................................................... 9

iv

*U.S. Power Squadrons v. State Hum. Rts. Appeal Bd.*,
   59 N.Y.2d 401 (1983) ...................................................................................................... 14

*Velazquez v. Everlast Worldwide, Inc.*,
   2022 WL 16745767 (S.D.N.Y. Nov. 7, 2022) .................................................................. 13

*Wahab v. Evolutions Hair Salon, LLC*,
   2025 WL 2400036 (S.D.N.Y. Aug. 19, 2025) ............................................................ 11, 14

*Weyer v. Twentieth Century Fox Film Corp.*,
   198 F.3d 1104 (9th Cir. 2000) ........................................................................................ 15

*Winegard v. Golftec Intell. Prop. LLC*,
   674 F. Supp. 3d 21 (E.D.N.Y. 2023) ........................................................................ 10, 11

*Winegard v. Newsday LLC*,
   556 F. Supp. 3d 173 (E.D.N.Y. 2021) ............................................................................ 15

*Zinnamon v. Satya Jewelry II, LLC*,
   2023 WL 3511123 (S.D.N.Y. Apr. 28, 2023) ................................................................. 11

**Statutes**

NYSHRL § 292(9) ............................................................................................... 14, 15, 17

NYSHRL § 296(2)(c)(i)-(ii) .................................................................................... 18

**Rules**

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 6

Fed. R. Civ. P. 12(h)(3) ..................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ................................................................................. 6, 7

Fed. R. Civ. P. 12(c) ........................................................................................ 6

**INTRODUCTION**

LesserEvil sells delicious and healthy organic snacks. Most of its products are sold at grocery stores and other retailers, but LesserEvil also previously sold a small amount of its products directly to consumers via its website. LesserEvil's website includes accessibility features to ensure the blind or visually impaired can use the site.[1]

Plaintiff is a professional litigant who visits websites and files suit if the websites do not satisfy her lawyers' definition of accessible. She is part of a growing "cottage industry" that "bring[s] multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses." *Adams v. 724 Franklin Ave. Corp.*, 2016 WL 7495804, at *2 (E.D.N.Y. Dec. 30, 2016) (collecting cases). Plaintiff has filed at least 40 other lawsuits since June 2025, including against websites for a birthday card store, an electric toothbrush company, a refurbished electronics store, a makeup company, and a Manhattan fitness class.[2] Many of her cases have already been dismissed without any motion practice.

Plaintiff alleges that she visited LesserEvil's website and was unable to purchase snacks because the website was purportedly incompatible with her preferred screen-reading software. (Compl. ¶¶ 58, 61.) Plaintiff's boilerplate complaint should be dismissed for several reasons.

***First***, Plaintiff has not plausibly alleged any actual injury because she visited the website for the sole purpose of filing a lawsuit. "Only plaintiffs who allege a concrete injury have

---

[1] *Accessibility*, LesserEvil, https://www.lesserevil.com/pages/accessibility.

[2] *E.g.*, *Reyes v. Current Media Grp., LLC*, Index No. 815763/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Aquasonic, LLC*, Index No. 826209/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Back Market Inc.,* Index No. 813678/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Nardo's Natural, Inc.,* Index No. 822516/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. The Sculpt Society, LLC*, Index No. 818116/2025E (N.Y. Sup. Ct., Bronx County 2025).

standing to sue in federal court." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023). Plaintiff has no such injury as she is only "suing to enforce the law rather than to remedy her own harms." *Id*. Courts routinely dismiss cases where, as here, serial plaintiffs make only conclusory assertions without any factual indication of actual injury. *See, e.g.*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 78 (2d Cir. 2022) ("Without any factual support for their conclusory claims, Plaintiffs have failed to establish a real and immediate threat of repeated injury.") (internal quotation marks omitted). Plaintiff likewise fails to state a claim for injunctive relief because she insufficiently alleges an intent to purchase LesserEvil products from the website in the future.

**Second**, Plaintiff fails to state a claim because LesserEvil's website is not a place of public accommodation and, therefore, the statutes on which Plaintiff purports to base her claim are inapplicable. *E.g.*, *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *2 (E.D.N.Y. Nov. 1, 2021) (holding the similarly worded provision of the ADA "contemplates inclusion of only businesses with a *physical* location") (emphasis added). Even if some websites could be a place of public accommodation, because LesserEvil's website no longer has a sales function, it does not offer "conveniences and services to the public" and therefore is not a place of public accommodation. *Letray v. New York State Div. of Hum. Rts.*, 181 A.D.3d 1296, 1297 (4th Dep't 2020) (quoting *Cahill v. Rosa*, 89 N.Y.2d 14, 21 (1996)).

**Third**, Plaintiff fails to state a claim for failure to accommodate her disability because she does not allege that she requested an accommodation from LesserEvil. *Fontanez v. K2 Sports, LLC*, 2025 WL 675173, at *3 (N.Y. Sup. Ct. Feb. 28, 2025) (dismissing claim where plaintiff "did not request a reasonable accommodation from [Defendant] to allow him to access their website or otherwise sought to contact [Defendant] before filing suit"). Having failed to request

2

an accommodation, Plaintiff cannot bring a claim for discrimination on the basis of her visual impairment.

*Fourth*, Plaintiff's claim should be dismissed as moot because LesserEvil no longer sells *any* products on its website. Plaintiff's requested injunctive relief—making sales on the website more accessible to the visually-impaired—is impossible when sales are not conducted through the website at all.

*Fifth*, Plaintiff's claim for declaratory relief should also be dismissed because there is no remaining ripe case or controversy, and because well-established law makes clear that a request for declaratory relief "does not constitute an independent cause of action." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021).

## BACKGROUND

### A.    LesserEvil

LesserEvil makes organic, tasty, and sustainable snacks. The company is led by Charles Coristine, who left the world of finance to pursue a more holistic lifestyle of meditation and self-awareness. Pursuant to this philosophy, LesserEvil makes snacks that are healthier and accessible to people with a wide array of dietary needs by avoiding grains, refined salts and sugars, and vegetable oils. LesserEvil's products are widely available in grocery stores, convenience stores, big box stores, and other places where snack foods are commonly sold.

Although LesserEvil primarily sells its products through third-party retailers, it previously made a small portion of its sales directly through its website. That practice was discontinued entirely in December 2025, and the website is now maintained solely for informational and promotional purposes. At all relevant times, LesserEvil has taken steps to

3

ensure that its website is accessible.[3] The website is fully compliant with Web Content

Accessibility Guidelines 2.1 level AA.

### B.    Plaintiff's Claims

Plaintiff is a captive litigant. She filed at least 40 other lawsuits in the past year, all in this

Court and Bronx County Supreme Court, alleging various websites are inaccessible to visually

impaired individuals.[4] Many of those complaints, filed by the same lawyers as here, are identical

---

[3] *Accessibility*, LesserEvil, https://www.lesserevil.com/pages/accessibility.

[4] *Reyes v. The Baird Group Inc.*, No. 1:25-cv-3145 (S.D.N.Y. Apr. 16, 2025); *Reyes v. Petrossian Inc.*, No. 1:25-cv-2803 (S.D.N.Y. Apr. 4, 2025); *Reyes v. LSKD US Inc.*, No. 1:25-cv-2813 (S.D.N.Y. Apr. 4, 2025); *Reyes v. Caleres Inc.*, No. 1:25-cv-1531 (S.D.N.Y. Feb. 24, 2025); *Reyes v. Blick Art Materials LLC*, No. 1:25-cv-570 (S.D.N.Y. Jan. 21, 2025); *Reyes v. The Grey Dog Inc.*, No. 1:25-cv-302 (S.D.N.Y. Jan. 13, 2025); *Reyes v. Pvolve LLC*, No. 1:25-cv-187 (S.D.N.Y. Jan. 9, 2025); *Reyes v. B3 Studios LLC*, No. 1:25-cv-186 (S.D.N.Y. Jan. 9, 2025); *Reyes v. H&M Fashion USA Inc.*, No. 1:25-cv-53 (S.D.N.Y. Jan. 3, 2025); *Reyes v. La Cabra Roastery LLC*, No. 1:25-cv-57 (S.D.N.Y. Jan. 3, 2025); *Reyes v. Alex Apparel Grp., Inc.*, Index No. 814208/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Balmain (USA), LLC*, Index No. 818322/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Avianaya, LLC*, Index No. 814787/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Mulberry Comp. (USA) Inc.*, Index No. 801858/2026E (N.Y. Sup. Ct., Bronx County 2026); *Reyes v. Shophopes.com, Inc.*, Index No. 822515/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Ynap Corp.*, Index No. 814207/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Carmen Sol New York, Inc.*, Index No. 819815/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Aquasonic, LLC*, Index No. 826209/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. B.G.P., Inc.*, Index No. 804591/2026E (N.Y. Sup. Ct., Bronx County 2026); *Reyes v. Anodyne LLC*, Index No. 804592/2026E (N.Y. Sup. Ct., Bronx County 2026); *Reyes v. Back Market Inc.*, Index No. 813678/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Clean Beauty Collective, Inc.*, Index No. 826206/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Elorea, Inc.*, Index No. 816925/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Hanni Inc.*, Index No. 803778/2026E (N.Y. Sup. Ct., Bronx County 2026); *Reyes v. Kendo Holdings Inc.*, Index No. 816837/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Nardo's Natural, Inc.*, Index No. 822516/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Okabashi Brands, Inc.*, Index No. 824683/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Pant Saggin, LLC*, Index No. 816843/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Wonderskin, LLC*, Index No. 803777/2026E (N.Y. Sup. Ct., Bronx County 2026); *Reyes v. Current Media Grp. LLC*, Index No. 815763/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Flylow Sports, Inc.*, Index No. 814970/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Sunny Scuba, Inc.*, Index No. 826202/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Jewelry Boutique, LLC*, Index No. 816927/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Stephanie Gottlieb LLC*, Index No. 813676/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Sterling Forever, LLC*, Index No. 819795/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Modern Loft, Inc.*, Index No.

to this one, including three filed the very same day as this case. Complaint in *Reyes v. Sunny Scuba, Inc.*, Index No. 826202/2025E (N.Y. Sup. Ct., Bronx County 2025) (accusing company that offers a variety of outdoor and sporting goods of having an inaccessible website); Complaint in *Reyes v. Aquasonic, LLC*, Index No. 826209/2025E (N.Y. Sup. Ct., Bronx County 2025) (same for company that sells electrical oral-care products); Complaint in *Reyes v. Clean Beauty Collective, Inc.*, Index No. 826206/2025E (N.Y. Sup. Ct., Bronx County 2025) (same for company that offers fragrances and beauty products).

Here Plaintiff alleges that she is a visually impaired individual who attempted to access LesserEvil's website "to transact business" on "a number of occasions, and most recently on September 23, 2025." (Compl. ¶¶ 56-57.) Plaintiff states that online shopping is "of particular importance for the blind and visually impaired individuals." (*Id*. ¶ 31.) She claims that she searched online for "organic snack options" and, after reading "numerous positive customer reviews praising [LesserEvil]," "she decided to visit the Website to explore the available products and proceed with a purchase." (*Id.* ¶¶ 59-60.)

Plaintiff claims she encountered accessibility barriers when attempting to "add snacks to her online shopping cart" and was "denied . . . the opportunity to make a purchase and to obtain the full enjoyment of services and organic snacks." (*Id.* ¶¶ 61, 65.) Notably, Plaintiff does not allege that she attempted to purchase LesserEvil products from other online sellers, such as Amazon, Thrive Market, or Instacart. She asserts she "intends to return to the Website and purchase snacks once she is able to enjoy full and equal access" to the website (*id*. at ¶ 73) but

---

815856/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. The Sculpt Society, LLC*, Index No. 818116/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Wearme Pro, LLC*, Index No. 824684/2025E (N.Y. Sup. Ct., Bronx County 2025); *Reyes v. Catalina Snacks, Inc.*, Index No. 820110/2025E (N.Y. Sup. Ct., Bronx County 2025).

5

the Complaint does not allege what "full and equal access" means to the Plaintiff. Plaintiff states she "has notified Defendant of the access barriers by serving a notice of this action upon the attorney general" (*id*. at ¶ 77). However, she does not claim to have ever contacted LesserEvil directly to request an accommodation.

As she did in numerous other lawsuits, Plaintiff asserts claims under three New York State and City disability statutes[5] that apply solely to places or providers of public accommodation. Plaintiff also purports to seek declaratory relief in connection with her claims.

## **LEGAL STANDARD**

Under Rule 12(b)(1), a "case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory [authority] or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff bears the burden of establishing standing by showing (1) he has suffered a concrete injury in fact (2) that is fairly traceable to a defendant's challenged conduct and (3) will likely be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff must demonstrate standing for each claim and each form of relief sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim. To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively v. WAFRA Investment Advisory Group,*

---

[5] The New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

*Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal citations and quotations omitted). A claim is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (applying Rule 12(b)(6) standard). Unadorned "the-defendant-unlawfully-harmed-me" accusations are insufficient, as are conclusory assertions. *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*" *S. Pac. Shipping Co. Ltd. Inc. v. Redi-Fresh Produce Inc.*, 2014 WL 6968039, at *6 (S.D.N.Y. Dec. 9, 2014) (emphasis in original) (applying Rule 12(b)(6) standard).

In considering a 12(c) or 12(b)(6) motion, the court may consider the facts alleged in the complaint, "documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit." *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 254 (S.D.N.Y. 2018) (citing *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)). Specifically, the Court may consider a website when it is incorporated by reference into the complaint. *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009) ("Because the Website is incorporated by reference into the Complaint, the Court may consider it on a motion to dismiss."); *Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *1 n.1 (S.D.N.Y. Sept. 27, 2016) ("Because . . . the Complaint relies explicitly on [the] website, . . . the Court will consider the totality of the website as of the relevant date."); *Gorran v. Atkins Nutritionals, Inc.*, 464 F. Supp. 2d 315, 319 n.1

7

(S.D.N.Y. 2006) (drawing facts from the Website, which was incorporated by reference into the Complaint).

## ARGUMENT

I.     **THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE PLAINTIFF LACKS STANDING**

A.     **Plaintiff Lacks Standing Because She Was Not Injured**

Plaintiff lacks standing because she does not, and cannot, plausibly establish that she was actually injured. This is fatal to all of her claims.

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Here, Plaintiff's sole asserted injury was her purported inability to "complete her desired transaction" (Compl. ¶ 70) on the LesserEvil website; but this assertion is not plausible given that LesserEvil products are available from numerous online retailers and there is no evidence (or allegation) that Plaintiff attempted to purchase LesserEvil products from one of those sites. Plaintiff also never alleges that she contacted LesserEvil to request an accommodation or assistance in purchasing products from its website. Rather, Plaintiff is a serial filer with 40 other boilerplate ADA lawsuits who has demonstrated no genuine interest in purchasing LesserEvil products.

The United States Supreme Court's recent decision in *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023), reinforces why Plaintiff's claims cannot proceed. In *Acheson*, the Court addressed the standing of a serial litigant Deborah Laufer, who had filed hundreds of lawsuits against hotels for allegedly failing to provide sufficient accessibility information on their websites. *Id*. at 3. The Court noted that Laufer was not actually harmed by any alleged website

8

deficiencies because "[a]s the sheer number of lawsuits suggests," she had no intention of staying at the hotels she sued. *Id*. Instead, she was acting as a self-appointed enforcer of ADA regulations. *Id.* Justice Thomas, concurring in judgment, emphasized that Laufer's claims did not establish a concrete injury under Article III. He explained that, "[w]ithout a violation of her own rights, Laufer lacks standing to sue hotels under the ADA. Ensuring and monitoring compliance with the law is a function of a Government official, not a private person who does not assert a violation of her own rights." *Id*. at 14.

This principle flows from the Supreme Court's decision in *TransUnion*, where the United States Supreme Court found that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 594 U.S. at 427 (emphasis in original). The Court further held that "Article III does not give federal courts the power to order relief to any uninjured plaintiff," including "unharmed plaintiffs" that are "doing no more than enforcing general compliance with regulatory law." *Id.* at 430 n.3, 431 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016)).

Since *TransUnion*, the Second Circuit has repeatedly affirmed that similar ADA testers lack Article III standing. For example, in *Harty v. W. Point Realty, Inc.*, the Second Circuit affirmed dismissal where the plaintiff alleged that the inaccessibility of a website for a hotel "infringed his right to travel free from discrimination" because he did not allege "that he was using the website to arrange for future travel" and instead "acknowledge[d]" he reviewed it as a "tester." 28 F.4th 435, 443 (2d Cir. 2022). The court held he lacked standing because he could not "allege that his ability to travel was hampered by [the] website in a way that caused him concrete harm." *Id*.; *see also Laufer v. Looper*, 22 F.4th 871, 877–78 (10th Cir. 2022) ("[A] violation of a legal entitlement [to a disability accommodation] alone is insufficient under

9

*Spokeo* and *TransUnion* to establish that Ms. Laufer suffered a concrete injury."); *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) ("[T]he deprivation of a right created by statute must be accompanied by some concrete interest that is affected by the deprivation." (internal quotation marks omitted)).

Two months after it decided *Harty*, the Second Circuit clarified that ADA litigants need to *plausibly* show Article III standing; conclusory allegations are not sufficient. *Calcano*, 36 F.4th at 75-78. In *Calcano*, the Second Circuit rejected "vague assertions" that "parrot[ed]" factors identified in earlier cases in which the plaintiffs had pled facts in support of legal conclusions. *Id.*

Thus, in examining the sufficiency of Plaintiff's allegations, the Court can and should be skeptical of her copy and paste complaint due to the vast number of claims she has filed. "The fact that plaintiff is a serial filer (a fact easily gleaned from public records) [] bears on the plausibility of his standing claim." *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 26 (E.D.N.Y. 2023). In *Calcano*, the Second Circuit did not "ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings" across "hundreds of substantively identical lawsuits" that "identically allege[d]" the same essential claim. 36 F.4th at 72–73, 77. The Court explained that "judicial experience and common sense suggest" that these complaints "are a result of their mass production," thereby rendering "each Plaintiff's cookie-cutter assertion of standing implausible." *Id.* at 77 (internal citation and quotation marks omitted).

Against this backdrop, numerous courts have found boilerplate standing allegations from "serial filer[s]" to be implausible. *E.g.*, *Winegard*, 674 F. Supp. 3d at 25–26 ("With 49 cases filed and counting, the range of his interests would have to be unusually substantial, ranging

10

from industrial supplies to etiquette classes to robotics to freediving and spearfishing to instructions for assembling a 'Nashville Hot Chicken' kit he didn't claim to have purchased."); *Wahab v. Evolutions Hair Salon, LLC*, 2025 WL 2400036, at *3 (S.D.N.Y. Aug. 19, 2025) ("[E]ven if Plaintiff's allegations might have been sufficient to allege an injury if viewed in isolation, such a finding in this case would be inappropriate against the backdrop of Plaintiff's [40] other lawsuits that contain similar boilerplate allegations."). Otherwise "[t]o find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites . . . and bring 50 lawsuits. Standing requires more." *Winegard*, 674 F. Supp. 3d at 25.

In particular, serial plaintiffs filing boilerplate complaints do not plausibly allege that they were injured by an allegedly inaccessible website where the goods can be purchased from other online retailers. *See, e.g.*, *Loadholt v. Oriental-Decor.com Inc.*, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (dismissing ADA claim where there were no allegations as to plaintiff's "interest in purchasing goods from Defendant . . . why these particular [products] are unique, or why he desires to buy them from Defendant's website as opposed to others"), *report and recommendation adopted*, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024); *Loadholt v. Game Goblins, LLC*, 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (same where plaintiff "does not explain what board games he is interested in" and "whether Defendant is the only retailer who sells those games"); *Zinnamon v. Satya Jewelry II, LLC*, 2023 WL 3511123, at *2 (S.D.N.Y. Apr. 28, 2023) (same noting plaintiff "does not allege: the genesis for his need or desire for jewelry; that Satya Jewelry sells any particular type of jewelry he wants; or that he has searched for comparable jewelry from other e-commerce or brick-and-mortar sites but has been unable to find them at a comparable price point"); *Loadholt v. Dungarees, Inc.*, 2023 WL

11

2024792, at \*3 (S.D.N.Y. Feb. 15, 2023) (same); *Fontanez v. Valley Lahvosh Baing Co. Inc.*, 2023 WL 5390212, at \*2 (S.D.N.Y. Aug. 22, 2023) (same finding insufficient allegations that "Fontanez wanted to purchase the 'Heart Content' package because 'it ... includes both heart-shaped cracker flavor options and ... is sold at a reasonable price'" (citation omitted)).

Like these other plaintiffs, Plaintiff is a serial litigant who has filed at least 40 other lawsuits against different businesses based on purported website accessibility barriers. Given this pattern of litigation, Plaintiff's claim that she genuinely intended to purchase LesserEvil's products from the LesserEvil website is not plausible, especially given that the products are readily available at numerous other online retailers. Her conclusory assertions do not establish a real, particularized injury, but rather an effort to harass multiple putative defendants to pay extortionate settlements to resolve fabricated claims. And even if Plaintiff were motivated by a desire to enforce website accessibility standards through litigation, that would also require dismissal of her claims. As the Supreme Court has repeatedly held, regulatory enforcement is a job for government agencies—not private plaintiffs who have suffered no actual harm. *See TransUnion*, 594 U.S. at 430 n.3 (rejecting attempts to enforce statutory compliance without a concrete injury).

### B. Plaintiff Additionally Lacks Standing to Seek Injunctive Relief Because She Fails to Allege Ongoing Injury

Plaintiff also lacks standing to seek injunctive relief because she does not plausibly allege any intent to purchase LesserEvil products in the future from its website. "In the ADA context, . . . a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to

12

the subject location.'" *Calcano*, 36 F.4th at 74. The statutes Plaintiff relies on for her claims—

the NYSHRL, NYSCRL and NYCHRL—require the same. *See Mendez v. Apple Inc.*, 2019 WL

2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("Plaintiff's New York State and City claims are

governed by the same standing requirements as the ADA."); *Rodal v. Anesthesia Grp. of

Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004) ("New York State disability

discrimination claims are governed by the same legal standards as federal ADA claims.").

"[A] mere 'profession of an intent to return to the places' previously visited is '***not

enough***' to establish standing for prospective relief." *Calcano*, 36 F.4th at 78 (emphasis added)

(quoting *Lujan*, 504 U.S. at 564). Plaintiff summarily asserts she "intends to return to the

Website to make a purchase of snacks." (Complaint ¶¶ 57, 72.) Courts in the Second Circuit

regularly dismiss boilerplate claims similar to Plaintiff's for lack of standing. *See, e.g.*,

*Dungarees*, 2023 WL 2024792, at *2 (granting motion to dismiss where plaintiff claims only that

he "'would still like' to return to the website to 'potentially purchase' the items"); *Game

Goblins, LLC*, 2023 WL 6066220, at *3 (same where plaintiff "does not explain . . . why he will

return to Defendant to purchase them as soon as the accessibility barriers are cured"); *Suris v.

Crutchfield New Media, LLC*, 2023 WL 3792512, at *3 (E.D.N.Y. June 2, 2023) (same where

plaintiff failed to specify when he planned to return to the website); *Tavarez-Vargas v. Annie's

Publ'g, LLC*, 2023 WL 2499966, at *1 (S.D.N.Y. Mar. 14, 2023) (same where plaintiff alleged

that she "unequivocally intends to return to the website . . . as soon as the accessibility barriers

are cured" (citation omitted)); *Velazquez v. Everlast Worldwide, Inc.*, 2022 WL 16745767, at *1

(S.D.N.Y. Nov. 7, 2022) (raising standing sua sponte where allegations "are at least as

conclusory as the allegations in *Calcano*").

13

As numerous other courts have held in dismissing similar complaints, "Plaintiff's allegations in the Complaint that she intends to return to the website to purchase the [snacks] are insufficient." *Wahab*, 2025 WL 2400036, at *3.

## II.    PLAINTIFF FAILS TO STATE A CLAIM

### A.    LesserEvil's Website Is Not A Place or Provider of Public Accommodation

The Complaint also should be dismissed because Plaintiff fails to state a claim under the disability laws because those statutes apply only to places or providers of public accommodation.[6] "[T]he place of the public accommodation" is where businesses "do what they do" and where they can "discriminate by denying goods or services." *Sullivan v. BDG Media, Inc.*, 146 N.Y.S.3d 395, 401 (N.Y. Sup. Ct. 2021), *quoting U.S. Power Squadrons v. State Hum. Rts. Appeal Bd.*, 59 N.Y.2d 401, 411 (1983) (analyzing NYSHRL). "For purposes of the Human Rights Law, a 'public accommodation, resort or amusement' offers 'conveniences and services to the public' and is 'generally open to all comers.'" *Letray*, 181 A.D.3d at 1297 (quoting *Cahill*, 89 N.Y.2d at 21). The NYSHRL and NYSCRL provide, similar to the ADA, a list of physical locations, such as hotels, restaurants, retail stores, swimming pools, and golf courses that qualify as places of public accommodation. NYSHRL § 292(9);[7] *see also* NYSCRL § 40-C (similar);

---

[6] Plaintiff's claims under the NYSHRL, NYSCRL, and NYCHRL all depend on the premise that LesserEvil's website is a place of public accommodation. Because each statute applies only to such places, all three claims fail for the same reason. NYSHRL § 292(9); NYSCRL § 40; NYCHRL § 8-102.

[7] The full list is: "inns, taverns, road houses, hotels, motels, whether conducted for the entertainment of transient guests or for the accommodation of those seeking health, recreation or rest, or restaurants, or eating houses, or any place where food is sold for consumption on the premises; buffets, saloons, barrooms, or any store, park or enclosure where spirituous or malt liquors are sold; ice cream parlors, confectionaries, soda fountains, and all stores where ice cream, ice and fruit preparations or their derivatives, or where beverages of any kind are retailed for consumption on the premises; wholesale and retail stores and establishments dealing with goods or services of any kind, dispensaries, clinics, hospitals, bath-houses, swimming pools, laundries and all other cleaning establishments, barber shops, beauty parlors, theatres, motion

NYCHRL § 8-102.[8] Standalone websites are not included within the lists of public accommodations in any of these statutes.

Several U.S. Courts of Appeal, interpreting the similarly worded ADA, have recognized that a website cannot be a place of public accommodation unless there is a nexus between the discriminatory conduct alleged to have occurred on the website and the goods and services provided at the business's physical location. *See e.g., Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1276 (11th Cir. 2021) (holding that a website is not a place of public accommodation unless linked to a physical location open to the public); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) ("some connection between the good or service complained of and *an actual physical place* is required" (emphasis added)); *Ford v. Schering-Plough Corp.,* 145 F.3d 601, 613 (3d Cir. 1998) ("Restricting 'public accommodation' to places is in keeping with jurisprudence"). While the Second Circuit has not yet considered this issue, several district courts in this circuit have recognized that the ADA does not clearly extend to stand-alone websites. *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 174 (E.D.N.Y. 2021) ("[T]he ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations.'"); *Martinez*, 2021 WL

---

picture houses, airdromes, roof gardens, music halls, race courses, skating rinks, amusement and recreation parks, trailer camps, resort camps, fairs, bowling alleys, golf courses, gymnasiums, shooting galleries, billiard and pool parlors; garages, all public conveyances operated on land or water or in the air, as well as the stations and terminals thereof; travel or tour advisory services, agencies or bureaus; public halls, public rooms, public elevators, and any public areas of any building or structure." NYSHRL § 292(9).

[8] The NYCHRL defines a place or provider of public accommodation to include "providers, whether licensed or unlicensed, of goods, services, facilities, accommodations, advantages or privileges of any kind, and places, whether licensed or unlicensed, where goods, services, facilities, accommodations, advantages or privileges of any kind are extended, offered, sold, or otherwise made available." NYCHRL § 8-102.

5052745, at *2 (E.D.N.Y. Nov. 1, 2021) (holding that the plain text of Title III "contemplates inclusion of only businesses with a physical location").[9]

Plaintiff asserts that LesserEvil's website is a place of public accommodation because it "is a service, privilege, advantage, and extension of Defendant's online retail establishment." (Compl. ¶ 90.) Setting aside that LesserEvil does not sell any "service" (only snacks), this assertion runs counter to numerous cases finding that a website cannot be a "place" of public accommodation. The Complaint likewise fails to allege that LesserEvil's website has a nexus to any physical space of public accommodation, such as a retail store. Because LesserEvil's website is not a place or provider of public accommodation, the Complaint must be dismissed.

### B. No Goods Are Sold On LesserEvil's Website, Further Demonstrating It Is Not a Place or Provider of Public Accommodation

Even if the Court were to find that a website could be a place or provider of public accommodation when it offers goods for sale, LesserEvil's website *still* would not qualify as a place of public accommodation because it stopped offering goods for sale in December 2025. (Declaration of Caitlin Mack ("Mack Decl.") ¶ 4.) On Plaintiff's claim for injunctive relief, the relevant question before the Court is whether the website *currently* is a place of public accommodation (not what it was when Plaintiff alleges she made her purchase). *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (dismissing claim on grounds "that [injunctive] relief is currently no longer available or necessary.").

In *Sullivan v. BDG Media, Inc.*, a person with impaired hearing sued the operator of a news and media website alleging violations of the NYSHRL and NYCHRL. 146 N.Y.S.3d at 398 (N.Y. Sup. Ct. 2021). The New York court dismissed the plaintiff's claims, finding that the

---

[9] There is a circuit split on this issue. "Most circuits to address the question have concluded that the ADA does not cover transactions divorced from any physical premises." *Fernandez v. Gainful Health, Inc.*, 2025 WL 3538339, at *1 (S.D.N.Y. Dec. 10, 2025).

16

plaintiff failed to allege that the website operator "refused to take steps necessary for him to enjoy that [website] content without auxiliary aids, because he has not alleged that he ever *requested* such steps or modifications in the first place." *Id.* at 402. Before dismissing the complaint, the court nonetheless considered whether the website could be a place or provider of public accommodation. In *Sullivan*, the court determined that the news website could be a place of public accommodation because the media company delivered its primary product—articles and videos—through its website. *Id.* In contrast, here, LesserEvil is a snack food company that does not currently sell its products through its website. If a website could be considered a public accommodation at all, it could only be so where goods or services are actually provided through the website. *See Sullivan*, 146 N.Y.S.3d at 402 (N.Y. Sup. Ct. 2021) (citing NYSHRL § 292(9) statutory definition that public accommodations encompass "retail stores and establishments dealing with goods or services"); *see also Meija v. High Brew Coffee Inc.*, 2024 WL 4350912 at *6 (S.D.N.Y. Sept. 30, 2024) ("a stand-alone website is not a place of public accommodation"); *Fernandez*, 2025 WL 3538339, at *3 ("the ADA does not cover standalone websites"). Accordingly, LesserEvil's website—through which no goods or services are currently offered to the public—cannot constitute a place of public accommodation as a matter of law.

### C.    Plaintiff Fails to Allege She Requested Reasonable Modification

Plaintiff's claims separately fail because she fails to allege that she ever requested a reasonable modification of the website before filing this lawsuit. Courts have consistently held that a plaintiff must request a reasonable modification before alleging discrimination under the disability laws. *Sullivan*, 146 N.Y.S.3d at 402 (N.Y. Sup. Ct. 2021) (dismissing NYSHRL and NYCHRL claims based on purported website inaccessibility where plaintiff did not allege that she sought and was denied a modification); *see also Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019) (dismissing ADA claim because "a plaintiff's request for a

17

reasonable modification is necessary to determine whether the defendant could reasonably provide such modification and whether the defendant's subsequent failure to do so constitutes discrimination").

To state a claim under the pertinent parts of the NYSHRL or NYCHRL, a plaintiff must first allege that they requested a reasonable modification, which was denied. *See Sullivan*, 146 N.Y.S.3d at 402 (N.Y. Sup. Ct. 2021) (defining disability discrimination as "'a refusal to make reasonable modifications in policies, practices, or procedures' that are needed to enable an individual with a disability to take advantage of a place of accommodation;" (quoting NYSHRL § 296(2)(c)(i)-(ii))); NYCHRL § 8-107 [28][b] (requiring alleged public accommodation to have "refuse[d] or otherwise fail[ed] to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" before a plaintiff can allege a purported violation.).

This requirement exists for a practical reason: A business cannot be held liable for failing to provide a reasonable accommodation if it was never given an opportunity to do so. The "requirement that private entities make "reasonable accommodations" . . . would be rendered meaningless if the entity had no basis for knowing (1) what accommodations the [plaintiff] was seeking, and (2) whether those accommodations were reasonable in light of the disability and the test." *Castillo*, 412 F. Supp. 3d at 451 (internal citations and quotations omitted). Thus, in order to sufficiently plead a violation of the disability laws, a plaintiff must first show that a request for reasonable accommodations were made or supply facts that would support a conclusion that a request would have been refused. *Sullivan*, 146 N.Y.S.3d at 398; *Castillo*, 412 F Supp 3d at 451. Plaintiff has not done so here.

18

Plaintiff's failure to request accommodation from LesserEvil before initiating litigation is fatal to her claims. Plaintiff contends, without any factual basis, that "reaching out to Defendant regarding the access barriers would have been futile." (Compl. ¶ 79.) But this is exactly the type of conclusory assertion, without factual support, that courts routinely reject. *See, e.g., Sullivan*, 146 N.Y.S.3d at 403 (N.Y. Sup. Ct. 2021) (dismissing claim where plaintiff contends "it would have been futile for him to make that request" but "his complaint does not allege any facts supporting this contention"); *Castillo*, 412 F. Supp. 3d at 452 (dismissing ADA claim where plaintiff never requested an accommodation and defendant provided multiple resources regarding accessibility). Because Plaintiff cannot establish a viable claim, the Complaint should be dismissed in its entirety.

## III.    PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT

The Complaint should be dismissed in its entirety because Plaintiff lacks standing and fails to state a claim. But to the extent the Court disagrees, the portions of the Complaint seeking injunctive relief should nonetheless be dismissed because Plaintiff's claims for injunctive relief are moot because LesserEvil no longer sells products on its website. "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *F.O. v. New York City Dep't of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)).

Here, Plaintiff's requested injunctive relief is moot because LesserEvil no longer sells products on its website. (Mack Decl. ¶ 4.) As discussed above, because the website does not currently sell products, it cannot be classified as a place of public accommodation. In addition, there is no basis for Plaintiff to request that website sales that do not exist are made more

19

accessible. Courts routinely dismiss requests for injunctive relief as moot when the problem Plaintiff complained of no longer exists. *See, e.g.*, *Dunbar v. Empire Szechuan Noodle House Inc.*, 2020 WL 2132339, at *3 (S.D.N.Y. May 5, 2020) ("Where . . . redress is no longer possible, the ADA claim becomes moot, depriving the court of subject matter jurisdiction, and must be dismissed").

## IV.     PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF ALSO FAILS

Plaintiff's request for declaratory relief is entirely derivative of her substantive claims. Because Plaintiff has failed to state any viable underlying claim, there is no basis for declaratory relief. "A request for relief in the form of a declaratory judgment does not constitute an independent cause of action." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d at 474; *see also Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) ("[a] plaintiff cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action." (citation omitted)). There being no independent basis for declaratory relief, that claim must be dismissed.

## CONCLUSION

For the foregoing reasons, LesserEvil respectfully requests this Court dismiss all claims against Plaintiff with prejudice.

20

Dated: April 3, 2026

Respectfully submitted,

By: */s/ Marissa R. Benavides*
    Marissa R. Benavides
    Amelia Courtney Hritz
    BRAUNHAGEY & BORDEN LLP
    200 Madison Avenue, 23rd Floor
    New York, NY 10016
    Tel: (646) 829-9403
    benavides@braunhagey.com
    hrtiz@braunhagey.com

    *Attorneys for Defendant LesserEvil LLC*

21

## **WORD COUNT CERTIFICATION**

I hereby certify that the total number of words in this Reply, inclusive of point headings and footnotes and exclusive of signature block is 6,558.

This certification was prepared in reliance on the word-count function of Microsoft, the word-processing system used to prepare the documents.


Dated: April 3, 2026                                         /s/ Marissa R. Benavides

                                                                      Marissa R. Benavides