UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHALIE REYES,

      Plaintiff,

   -v-

LESSEREVIL LLC,

      Defendant.

26-cv-808 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

On January 29, 2026, defendant LesserEvil LLC, a purveyor of organic snack foods, removed this action from the Supreme Court of the State of New York, Bronx County. See ECF No. 1. Plaintiff Nathalie Reyes' complaint alleges that LesserEvil is in violation of state and municipal anti-discrimination laws because Reyes, who is visually impaired, is unable to access LesserEvil's website on equal terms with nondisabled persons. See generally ECF No. 1-1 ("Compl."). On April 3, 2026, LesserEvil moved to dismiss Reyes' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and LesserEvil's motion was fully briefed on May 6, 2026. See ECF Nos. 10-13.

For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action and hereby remands it to state court.

Subject to certain exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district

1

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When such an action has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). It is well established that a court "may remand a removed case to state court sua sponte and absent a motion from the plaintiff" if the court "finds its subject matter jurisdiction lacking." E.g., Battaglia v. Shore Parkway Owner LLC, 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017).

Because Reyes' complaint does not assert any claims arising under federal law, diversity is the sole potential basis on which this Court may exercise subject matter jurisdiction. As relevant here, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1); see also id. § 1446(c) (setting forth procedures for removal based on diversity jurisdiction).

This action is plainly between citizens of different states because there is no dispute that Reyes is a citizen of New York and LesserEvil is a citizen of Connecticut. See Compl. ¶¶ 18, 21. But diversity jurisdiction is lacking because LesserEvil has not plausibly alleged that this action satisfies the statutory amount-in-controversy requirement. See ECF No. 1 at 2-3.

The Court first considers the monetary damages potentially available to Reyes in this action. Her complaint seeks several forms

of damages: actual and punitive damages under the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law, as well as statutory damages under the New York State Civil Rights Law. Compl. at 22. As to statutory damages, the Civil Rights Law permits a prevailing plaintiff to recover between $100 and $500 for each violation of the provision of that law under which Reyes sues. See N.Y. Civ. Rights Law § 41. Reyes alleges only a single violation of the Civil Rights Law. See Compl. ¶¶ 108-120. As to actual damages, Reyes' complaint does not attempt to quantify them, but, considering the nature of Reyes' allegations, they are almost certainly de minimis. See Compl. ¶¶ 74-140. And as to punitive damages, they are available only under the New York City Human Rights Law and only upon a showing that a defendant acted with "willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." Chauca v. Abraham, 30 N.Y.3d 325, 328 (2017). Plausible allegations of any such mental state or conduct are absent from Reyes' complaint. See Compl. ¶¶ 121-140. Accordingly, the Court concludes that this action involves total conceivable damages far less than the $75,000 required to invoke diversity jurisdiction.

Indeed, LesserEvil's notice of removal does not refer to Reyes' potential damages at all. Instead, LesserEvil relies exclusively on its allegation that the "value of the intended benefit" that Reyes seeks in the form of injunctive relief requiring LesserEvil to make certain changes to its website "is greater than $75,000." ECF No. 1

¶ 13. LesserEvil has submitted a declaration to this effect from its Vice President of Marketing. ECF No. 1-3.

Although LesserEvil appears to take the view that the cost to it of complying with Reyes' proposed injunction is relevant to the amount-in-controversy requirement, the caselaw is squarely to the contrary. In a case that LesserEvil itself cites, the Second Circuit held that "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy" in reference to injunctive relief. Kheel v. Port of N.Y. Auth., 457 F.2d 46, 59 (2d Cir. 1972) (internal quotation marks omitted); see ECF No. 1 ¶ 12 (citing Kheel). The Second Circuit's decision in Kheel interpreted a long line of Supreme Court cases holding that "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977) (collecting cases). Accordingly, courts in the Second Circuit have consistently held that the value of injunctive relief is not measured by "the cost of injunctive relief to the defendant." E.g., Bernard v. Gerber Food Prods. Co., 938 F. Supp. 218, 221 (S.D.N.Y. 1996).

Here, therefore, the amount in controversy associated with Reyes' claims for injunctive relief is the financial value to Reyes of being able to access LesserEvil's website on equal terms with nondisabled persons. While such access is undoubtedly important to Reyes, neither

4

Reyes nor LesserEvil asserts that its monetary value approaches $75,000.[1]

Thus, because neither the quantum of Reyes' potential damages nor the value of the injunctive relief she is seeking satisfies the amount-in-controversy requirement, this Court lacks subject matter jurisdiction over this action and may not decide LesserEvil's motion to dismiss. This case is hereby remanded to state court.

The Clerk of Court is respectfully directed to close this case and remand it to the Supreme Court of New York, Bronx County.

SO ORDERED.

Dated:    New York, NY
          May 7 , 2026

JED S. RAKOFF, U.S.D.J.

---

[1] Reyes also seeks attorneys' fees and court costs in connection with her claims under the New York State Human Rights Law and the New York City Human Rights Law. Compl. ¶¶ 107, 139. But "attorney's fees may be counted to satisfy the amount-in-controversy threshold only if they are recoverable as a matter of right pursuant to statute or contract." Schwartz v. Hitrons Sols., Inc., 397 F. Supp. 3d 357, 366 (S.D.N.Y. 2019) (internal quotation marks omitted). Here, both statutes provide for discretionary, rather than mandatory, awards of attorney's fees. See N.Y. Exec. Law § 297(10); N.Y.C. Admin. Code § 8-502(g).